NO. 07-06-0448-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 27, 2007

_____

JEREMY RANDALL THOMAS, APPELLANT

V.

CORRECTIONAL OFFICER ANTONIOUS FLANAGAN, UNIT GRIEVANCE
INVESTIGATOR NELDA BUEHLER, ASSISTANT WARDEN PATTIE BELL,
AND REGIONAL GRIEVANCE INVESTIGATOR D.F. FONDREN, APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 94,946-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jeremy Randall Thomas, an inmate proceeding pro se, appeals the trial

court's dismissal of his negligence claim.  The trial court's order is based on Thomas's

failure to comply with § 14.003 of the Texas Civil Practice and Remedies Code and failure

to file suit within the two-year statute of limitations set forth in § 16.003(a) of the Code. We reform and affirm.

## Factual Background

According to Thomas's complaint, on or about August 15, 2004, he sustained an ankle injury when he fell from the top bunk of his upstairs cell. After receiving medical treatment, he was issued crutches and issued a "no climbing" restriction. He was also instructed to move to a cell on the ground floor. On August 16, 2004, while he was moving to a downstairs cell, he struggled with a bag containing his property, lost his balance, and fell down the stairs, sustaining further injuries. He alleged Officer Flanagan required him to move his property from his upstairs cell without assistance.

As a result of his injuries, Thomas alleges he filed Step 1 and Step 2 grievances.[1] According to his petition, the investigating grievance officers (Buehler and Fondren) concluded there was insufficient evidence to indicate any staff misconduct. On October 13, 2006, Thomas filed suit seeking damages for negligence, gross negligence, and hazardous negligence. He also alleged violations of his constitutional rights by Buehler, Fondren, and Assistant Warden Bell. Prior to an answer being filed and without conducting a hearing, the trial court *sua sponte* dismissed Thomas's suit with prejudice on October 31,

---

[1]Although Thomas avers in his original petition that the grievance forms were attached as exhibits, they are not contained in the clerk's record.

2006, for failure to comply with §§ 14.003 and 16.003 of the Texas Civil and Practice Remedies Code.

Thomas maintains the trial court abused its discretion in dismissing his suit and further asserts that dismissal with prejudice was erroneous. We disagree that dismissal was improper but agree that dismissal with prejudice was erroneous.

**Standard of Review**

A trial court's dismissal of an *in forma pauperis* suit is reviewed for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex.App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990).

Thomas alleged that Officer Flanagan was negligent and that his negligence resulted in violations of his Eighth Amendment rights by depriving him of basic needs of safety after Officer Flanagan became aware of his injuries. He alleged that Grievance Investigators Buehler and Fondren and Assistant Warden Bell violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments by failing to properly investigate his grievances against Officer Flanagan.

3

## Exhaustion of Administrative Remedies

Before an inmate may pursue a claim in state court, he must exhaust his administrative remedies and comply with grievance procedures. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002). Under § 501.008 of the Texas Government Code Annotated (Vernon 2004), an inmate may not file a claim in state court until he receives a written decision issued by the highest authority provided in the grievance system. A copy of that written decision must be filed with the trial court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(2). The record before us does not contain the Step 1 and Step 2 grievance forms that Thomas claims were attached as exhibits to his petition nor a copy of the grievance system's written decision. Dismissal is proper if an inmate fails to exhaust grievance procedures and does not comply with statutory requirements. *See Smith v. Texas Dept. of Criminal Justice*, 33 S.W.3d 338, 341 (Tex.App.–Texarkana 2000, pet. denied). We conclude the trial court did not err in dismissing Thomas's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code.

## Statute of Limitations

Section 16.003(a) of the Texas Civil Practice and Remedies Code provides that a person must file suit in a personal injury action not later than two years after the day the cause of action accrues. However, limitations is an affirmative defense that must be affirmatively pled. Tex. R. Civ. P. 94. If an affirmative defense is not pleaded or tried by consent, it is waived, and the trial court has no authority to make a fact finding on that

4

issue.  *See Compass Bank v. MFP Financial Services, Inc.*, 152 S.W.3d 844, 851 (Tex.App.–Dallas 2005, pet. denied); *Matter of Marriage of Collins*, 870 S.W.2d 682, 684-85 (Tex.App.–Amarillo 1994, writ denied).  We conclude the trial court erred in dismissing Thomas's suit based on limitations and reform the order of dismissal to delete the language that Thomas failed to comply with § 16.00e [sic] of the Texas Civil Practice and Remedies Code.

Our conclusion that dismissal of Thomas's suit was proper does not end our inquiry. Thomas contends dismissal with prejudice was improper.  We agree.  A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided.  *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999).  Dismissal with prejudice in this case would bar any future suit arising out of the same facts. *Lentworth*, 981 S.W.2d at 723.  If a procedural error can be remedied, dismissal with prejudice is improper.  *Hickman v. Adams*, 35 S.W.3d 120, 124-25 (Tex.App.–Houston [14th Dist.] 2000, no pet.).  A dismissal for failure to comply with exhaustion of administrative remedies is not a dismissal on the merits and should be without prejudice. *Crain v. Prasifka*, 97 S.W.3d 867, 870 (Tex.App.–Corpus Christi 2003, pet. denied); *Hickman v. Adams*, 35 S.W.3d 120, 124-25 (Tex.App.–Houston [14th Dist.] 2000, no pet.). We reform the order of dismissal to delete the language "with prejudice."

Accordingly, the language in the trial court's order of dismissal that Thomas failed to comply with § 16.00e [sic] of the Texas Civil Practice and Remedies Code is deleted.

That portion of the trial court's order of dismissal that Thomas failed to comply with §

14.003 is reformed to reflect that dismissal is without prejudice. As reformed, the order of

dismissal is affirmed.

Patrick A. Pirtle
Justice