Opinion issued April 19, 2007













Opinion issued April 19, 2007




 

 

 

 

 

 













 

     

 

 

 

 

 

                                                                
In The

                        
Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00313-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



VICTOR MILES, Appellant

 

V.

 

BRIDGET PEACOCK AND THE OFFICE OF THE ATTORNEY GENERAL
OF TEXAS,
Appellees

 

 



On Appeal from the 247th District Court              








Harris County, Texas

Trial Court Cause No. 2004-35453

 

 



O P I N I O N

 

          Victor
Miles brings this restricted appeal from the trial court’s entry of a no-answer
default judgment in a paternity and child support proceeding brought by
appellee, Bridget Peacock.  Miles
contends (1) the statute of limitations bars Bridget’s paternity suit involving
a fourteen-year-old child, (2) the trial court erred in ordering him to pay
various forms of child support, and (3) the trial court should have awarded him
possession of the child.  We affirm the
judgment in part, reverse it in part, and remand for further proceedings.

Background

          Bridget
and Carnell Peacock, a non-party to the appeal, married in 1985.  Bridget filed for a divorce in 2004.  In her petition, she alleges that Miles—not
Carnell—is the father of her child, N.S.P., who was born in 1990.[1]  Bridget and Carnell both requested that the
trial court order Miles to submit to genetic testing, and Bridget additionally
sought child support from Miles.  Miles
accepted citation of service in February 2005. 
He did not answer or otherwise appear in the lawsuit, however.

          The
trial court held a bench trial in August 2005. 
Miles did not appear for trial. 
The court took judicial notice of a paternity test showing that Miles is
the father of N.S.P.  Bridget testified
that Miles had been paying child support in the amount of $1,000 per month and
asked the court to order him to continue making such payments.

          The
trial court entered a no-answer default judgment against Miles adjudicating his
paternity of N.S.P. and ordering him to pay child support.[2]  Specifically, the court ordered Miles to pay
$1,000 per month as current child support and $24,000 in retroactive support.[3]  The court also ordered Miles to include and
maintain N.S.P. on the health insurance policy available through his job, and
to purchase a $50,000 life insurance policy naming Bridget as beneficiary for
the benefit of N.S.P.  With respect to
conservatorship and possession, the court appointed Miles and Bridget as joint
managing conservators, but ordered that “[i]t is the Best Interest of the child
that VICTOR MILES shall not have Possession of the child, until this Order is
modified by the Court, as he has not bonded with the child.”  Miles subsequently filed this restricted
appeal.

Standard of Review

          A
restricted appeal is a procedural device available to a party who did not
participate, either in person or through counsel, in a proceeding that resulted
in a judgment against the party.  Tex. R. App. P. 30.  It constitutes a direct attack on a default
judgment.  Id.; Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture, 811 S.W.2d
942, 943 (Tex.
1991).  A party filing a restricted
appeal must demonstrate that (1) he appealed within six months after the
judgment was rendered, (2) he was a party to the suit, (3) he did not
participate in the actual trial of the case, and (4) error appears on the face
of the record.  See Tex. R. App. P.
30; Quaestor Inv., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). 
The face of the record includes all papers on file in the appeal,
including the clerk’s record and any reporter’s record.  DSC
Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991); Davenport v. Scheble, 201 S.W.3d 188, 193 (Tex. App.—Dallas 2006,
pet. filed).  Because a restricted appeal
affords an appellant the same scope of review as an ordinary appeal, he may
challenge the legal and factual sufficiency of the evidence.  See
Norman Commc’ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997); Whitaker v. Rose, No.
14-04-01178-CV, 2007 WL 324595, at *1 (Tex.
App.—Houston
[14th Dist.] Feb. 6, 2007, no pet.).

          Unlike
other civil cases in which a defaulting defendant is presumed to admit the
petition’s allegations regarding liability and liquidated damages, the
allegations in a divorce petition are not admitted by a defaulting defendant.  Tex.
Fam. Code Ann. § 6.701 (Vernon 2006); Wilson v. Wilson, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); see Sandone v. Miller-Sandone, 116
S.W.3d 204, 207 (Tex. App.—El Paso 2003, no pet.) (noting that divorce petition
may not be taken as confessed if respondent does not file answer).

Paternity

          In
his first issue, Miles contends the trial court erred in adjudicating his
paternity of N.S.P.  He does not
challenge the legal and factual sufficiency of the evidence establishing his paternity;
rather, he asserts that the four-year statute of limitations set forth in
Family Code section 160.607 bars Bridget’s paternity suit.  See
Tex. Fam. Code Ann. § 160.607(a)
(Vernon Supp.
2006).

          Section
160.607 applies in cases where there is a presumed father.  Id.  A man is presumed to be the father of a child
if he is married to the child’s mother and the child is born during the
marriage.  Id. § 160.204(a)(1) (Vernon Supp. 2006).  Here, Carnell is N.S.P.’s presumed father
because he was married to Bridget at the time N.S.P. was born.  A presumption of paternity may be rebutted by
adjudication, however.  Id.
§ 160.204(b)(1).  Under section 160.607,
such a proceeding must be commenced “not later than the fourth anniversary of
the date of the birth of the child.”  Id.
§ 160.607(a).

          Miles
asserts that the four-year statute of limitations set forth in section 160.607
bars Bridget’s paternity suit because she did not bring it until N.S.P. was
nearly fourteen years old. 
“Limitations[, however,] is an affirmative defense that is waived if not
pleaded.”  G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co., 177 S.W.3d 537,
544 (Tex. App.—Dallas 2005, no pet.); see Tex.
R. Civ. P. 94 (listing statute of limitations as affirmative defense
that party “shall set forth affirmatively”); Frazier v. Havens, 102 S.W.3d 406, 411 (Tex. App.—Houston [14th
Dist.] 2003, no pet.) (“A party waives the affirmative defense of statute of
limitations if it is not pleaded or tried by consent.”); Brown v. Shores, 77 S.W.3d 884, 885 n.2 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (same).

Here, Miles failed to answer the
lawsuit and thus did not plead a limitations defense.  Nor did he ever appear in the lawsuit or in
any way assert a limitations defense at any point in the proceedings.  Accordingly, we conclude that Miles has
waived any limitations defense, and the trial court thus did not err in
entering a default judgment adjudicating his paternity.  See In
re Marriage of Collins, 870 S.W.2d 682, 683, 685 (Tex.
App.—Amarillo 1994, writ denied) (holding that trial court did not err in
entering default judgment finding that informal marriage existed and
adjudicating paternity because appellant waived limitations defense by failing
to affirmatively plead it); see also
G.R.A.V.I.T.Y., 177 S.W.3d at 544 (holding that limitations defense was
waived because, once party’s amended pleading was struck, “it had no pleading
asserting the affirmative defense of limitations”); Phifer v. Nacogdoches County Cent. Appraisal Dist., 45 S.W.3d 159,
173 (Tex. App.—Tyler 2000, pet. denied) (rejecting appellant’s argument that
trial court erred in allowing appellee to recover on claim that was barred by
statute of limitations, since appellant had failed to plead limitations
defense).

Miles also asserts that, “since any
results of genetic tests performed without the presumed father’s consent or a
court order are not admissible to disprove the paternity of a presumed father,
the trial court erred in establishing paternity between [Miles] and the
child.”  To support this argument, Miles
relies on Family Code section 160.621(c), which provides as follows: “If a
child has a presumed, acknowledged, or adjudicated father, the results of
genetic testing are inadmissible to adjudicate parentage unless performed: (1)
with the consent of both the mother and the presumed, acknowledged, or
adjudicated father; or (2) under an
order of the court under Section 160.502.” 
Tex. Fam. Code Ann. §
160.621(c) (Vernon 2002) (emphasis added). 
Miles observes that there is no evidence the trial court ordered genetic
testing, and notes that N.S.P.’s presumed father, Carnell, did not offer
testimony about consenting to a paternity test. 
Miles, however, overlooks the fact that Carnell (like Bridget) requested
paternity testing in his counterpetition for divorce.  As such, we reject Miles’s contention that
Carnell did not consent to paternity testing, and we hold that the paternity
test results were admissible under subsection 160.621(c)(1).  Cf.
In re Att’y Gen. of Tex., 195 S.W.3d
264, 266 n.2 (Tex. App.—San Antonio 2006, orig. proceeding) (observing that
genetic test results were inadmissible under section 160.621(c) because mother
did not consent to genetic testing, and trial court did not order genetic
testing).  We therefore affirm that
portion of the trial court’s judgment finding that Miles is the father of
N.S.P.

Child Support

          Miles
contends the evidence is legally insufficient to support the trial court’s
judgment that he pay child support to Bridget in the following forms: (1)  $1,000 per month in current child support,
(2) $24,000 in retroactive support, (3) purchase and maintain a $50,000 life
insurance policy with Bridget as the beneficiary for N.S.P.’s benefit, and (4)
include and maintain N.S.P. on the health insurance policy available through
his job.  He asks that we remand for
further proceedings and a trial.

Standard of Review

          We
review a trial court’s judgment granting child support under an abuse of
discretion standard.  Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990); Newberry
v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex.
App.—Houston [14th Dist.] 2004, no pet.).  A trial court abuses its discretion when it
acts arbitrarily or without reference to guiding principles.  Worford,
801 S.W.2d at 109.  Under this standard,
legal and factual sufficiency of the evidence are not independent grounds of
error, but rather are relevant factors in assessing whether the trial court
abused its discretion.  Newberry, 146 S.W.3d at 235.  A trial court does not abuse its discretion
when there is some evidence of a substantive and probative character to support
the trial court’s judgment.  Id.

Current Child Support

          Family
Code Chapter 154 governs child support proceedings and sets forth guidelines to
apply in determining an equitable amount of child support.  See Tex. Fam. Code Ann. §§ 154.001–154.309
(Vernon 2002 & Supp. 2006).  Under
section 154.062, a court “shall calculate net resources for the purpose of
determining child support liability.”  Id. § 154.062(a) (Vernon 2002).  “Resources” include wage and salary income,
interest and dividends, self-employment income, net rental income, and all
other income actually being received.  Id. §
154.062(b)(1)–(5).  “There must be some
evidence of a substantive and probative character of net resources” in order
for the trial court to discharge its duty under section 154.062.  Newberry,
146 S.W.3d at 236.  “In the absence of
evidence of the wage and salary income of a party, the court shall presume that
the party has wages or salary equal to the federal minimum wage for a 40-hour
week.”  Tex.
Fam. Code Ann. § 154.068 (Vernon 2002).

Retroactive Child Support

          A
court “may order a parent to pay retroactive child support if the parent: (1)
has not previously been ordered to pay support for the child; and (2) was not a
party to a suit in which support was ordered.” 
Id.
§ 154.009(a) (Vernon 2002).  In ordering
retroactive support, “the court shall apply the child support guidelines
provided by this chapter” and “shall consider the net resources of the obligor
during the relevant time period.”  Id. §§
154.009(b), 154.131(b) (Vernon 2002).  In
addition, the court shall consider whether (1) the child’s mother made any
previous attempts to notify the obligor of his paternity, (2) the obligor had
knowledge of his paternity, (3) the retroactive support order will impose an
undue financial hardship on the obligor or his family, and (4) the obligor
provided actual support before the lawsuit was filed.  Id. § 154.131(b).

Life and Health Insurance

          A
trial court has the authority to order a parent to maintain a life insurance
policy for the child’s benefit for so long as the child support obligation
exists.  Niskar v. Niskar, 136 S.W.3d 749, 759 (Tex.
App.—Dallas 2004, no pet.); Grayson v.
Grayson, 103 S.W.3d 559, 563 (Tex. App.—San
Antonio 2003, no pet.).  In addition,
section 154.181 provides that the trial court “shall render an order for the
medical support of the child.”  Tex. Fam. Code Ann. § 154.181(a) (Vernon Supp. 2006). 
The court “shall consider the cost and quality of health insurance
coverage available to the parties and shall give priority to health insurance
coverage available through the employment of one of the parties.”  Id. § 154.182(a) (Vernon
Supp. 2006).  If insurance is available
through the obligor’s employment, the trial court shall order the obligor to
obtain such insurance.  Id.
§ 154.182(b)(1).  If insurance is
not available through the obligor’s employment and is available through the
obligee’s employment, the trial court may order the obligee to provide
insurance and order the obligor to pay additional child support to pay the
obligee for the actual cost of the health insurance of the child.  Id. § 154.182(b)(2).

Sufficiency of the Evidence

          The
trial court made the following findings and conclusions regarding Miles’s child
support obligations:

          2.       the amount of net resources available to
VICTOR MILES per month is $6,000;

 

          3.       the amount of net resources available to
BRIDGET PEACOCK per month is $443;

 

          4.       the amount of child support payments per
month that is computed if the percentage guidelines of section 154.125 of the
Texas Family Code are applied to the first $6,000 of VICTOR MILES’s net
resources is $1,100.00; and 

 

          5.       the percentage applied to the first
$6,000 of VICTOR MILES’s net resources for child support by the actual order
rendered by the Court is 20 percent.

 

The court also found that retroactive
support was warranted based on Miles’s “failure to support the child within
financial ability,” and ordered him to pay $24,000 for the period between
August 1, 2003 and August 1, 2005.  In
addition, the court ordered Miles “to include and maintain [N.S.P.] on [the]
health insurance available through his job” and, “[a]s additional child
support,” to “purchase and, as long as child support is payable under the terms
of this order, maintain in full force and effect at VICTOR MILES’s sole cost
and expense a life insurance policy insuring the life of VICTOR MILES, naming
BRIDGET PEACOCK primary beneficiary as trustee for the benefit of [N.S.P.] that
on VICTOR MILES’s death will pay to BRIDGET PEACOCK an amount not less than
$50,000.”

          Miles
contends the trial court abused its discretion in entering these child support
orders, and asks that we remand the case for further proceedings, because there
is no evidence in the record concerning his wages, salary, income, net
resources, or whether he even has a job. 
The Attorney General agrees that a remand is warranted because, although
Bridget testified that Miles had been paying her $1,000 per month in child
support, “the court had no information about [Miles’s] net resources with which
to apply the child support guidelines, and no information about how long he had
been paying support or how much he had paid.”

          We
agree that the case should be remanded. 
The Family Code requires a trial court to “calculate net resources” in
determining a party’s current and retroactive child support obligations.  Tex.
Fam. Code Ann. §§ 154.062(a), 154.131(b).  In addition, with respect to insurance
coverage, the court must “consider the cost and quality of health insurance
coverage available to the parties and shall give priority to health insurance
coverage available through the employment of one of the parties.”  Id. § 154.182(a). 
Here, the record is void of evidence concerning Miles’s employment,
wages, salary, or income.[4]  As such, we conclude that there is
insufficient evidence to support the trial court’s calculation of Miles’s net resources
and its corresponding award of current and retroactive child support payments
and insurance coverage.  See Newberry, 146 S.W.3d at 236 (noting
that “[t]here must be some evidence of a substantive and probative character of
net resources” in order for trial court to discharge its duty under Family
Code).  We therefore reverse that portion
of the judgment setting forth Miles’s child support obligations and remand to
the trial court for further proceedings.

Possession

 

          Miles
contends the trial court abused its discretion in awarding him no possession of
N.S.P. because the court did not hear evidence concerning N.S.P.’s best
interest.  He asks that we remand for
further proceedings and a trial.

          “The
best interest of the child shall always be the primary consideration of the
court in determining the issue[] of . . . possession . . . .”  Tex.
Fam. Code Ann. § 153.002 (Vernon 2002). 
There is a rebuttable presumption that the standard possession order (1)
provides reasonable minimum possession for a parent named as a joint managing
conservator and (2) is in the child’s best interest.  Id. § 153.252 (Vernon 2002).  If special circumstances make the standard
possession order unworkable or inappropriate, however, “[t]he court shall render
an order that grants periods of possession of the child as similar as possible
to those provided by the standard possession order.”  Id. § 153.253 (Vernon 2002).  In deviating from the standard possession
order, the trial court may consider (1) the age, developmental status,
circumstances, needs, and best interest of the child; (2) the circumstances of
the managing conservators; and (3) any other relevant factor.  Id. § 153.256 (Vernon 2002).  “The terms of an order that denies possession
. . . may not exceed those that are required to protect the best interest of
the child.”  Id. § 153.193 (Vernon
2002).  We review a trial court’s
best-interest determination for an abuse of discretion.  See
Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex.
1982).

          Here,
the trial court appointed Miles as a joint managing conservator of N.S.P., but
denied him possession, finding that “[i]t is the Best Interest of the child
that VICTOR MILES shall not have Possession of the child, until this Order is
modified by the Court, as he has not bonded with the child.”  Contrary to the trial court’s finding,
however, it did not hear evidence concerning N.S.P.’s best interest.  Nor did it hear evidence concerning N.S.P.’s
developmental status, circumstances, needs, and relationship (or lack thereof)
with Miles.  Because Bridget presented no
evidence concerning N.S.P.’s best interest, the trial court had no discretion
to decide the possession issue contrary to the statutory presumption.  See In
re S.C., No. 04-06-00074-CV, 2006 WL 3499223, at *1 (Tex.
App.—San Antonio Dec. 6, 2006, no pet.) (holding
that trial court had no discretion to decide possession issue contrary to
statutory presumption because parent seeking deviation from standard possession
order “presented no evidence at all”); Hale
v. Hale, No. 04-05-00314-CV, 2006 WL 166518, at *2 (Tex. App.—San Antonio
Jan. 25, 2006, pet. denied) (mem. op.) (“[A] complete denial of access should
be rare . . . [and] must be limited to those situations where the parent’s
access is not in the best interest of the child.”).  Accordingly, we reverse that portion of the
judgment denying Miles possession and remand to the trial court for further
proceedings.  In re S.C., 2006 WL 3499223, at *2.

Conclusion

 

          We
conclude that Miles has waived any statute of limitations defense and therefore
affirm that portion of the trial court’s judgment adjudicating his paternity of
N.S.P.  With respect to the portions of
the judgment awarding child support and denying possession, we conclude that
insufficient evidence supports the trial court’s findings and therefore reverse
and remand for further proceedings.

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.











[1] Carnell similarly denies that he is the father of
N.S.P.

 

 





[2] The default judgment states as follows: “The Court
finds that Respondent, VICTOR MILES, was served and has not filed an answer and
. . . a default judgment is entered against him. . . .  The Court finds that the Father of [N.S.P.]
is VICTOR MILES as stated in a valid Paternity Test as presented to the Court
and in the Court’s file.”  The paternity
test is not in the record.

 





[3] The court assigned the retroactive support award to
appellee, the Office of the Attorney General of Texas, pursuant to Family Code
Chapter 233.  See Tex. Fam. Code Ann. §§ 233.001–233.029
(Vernon 2002 & Supp. 2006).

 

 





[4] Nor is there evidence in the record concerning
Bridget’s employment, wages, salary, or income.