220 S.W.3d 19 (2006)
In the Interest of S.C., H.A.C., and C.C., Children.
No. 04-06-00074-CV.
Court of Appeals of Texas, San Antonio.
December 6, 2006.
Erica B. Schommer, Texas RioGrande Legal Aid, Inc., Weslaco, for appellant.
Fausto Sosa, Law Office of Fausto Sosa, Laredo, for appellee.
Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

*20 OPINION
Opinion by SARAH B. DUNCAN, Justice.
Maribel Garcia appeals the trial court's judgment in a child custody case. We reverse and remand for a new trial.
On September 1, 2005 Hugo Castillo filed an original suit affecting the parent-child relationship, seeking to be named sole managing conservator of his and Garcia's three children. On September 7, the trial court signed an order that Garcia appear on October 18, 2005 to respond to the petition. After citation issued on September 16, the petition and order to appear were served on Garcia on September 28, 2005. On October 18, Castillo appeared with his attorney and Garcia appeared pro se. The trial court called the case and conducted a very brief recorded proceeding in chambers. Castillo's attorney told the court the children were currently living with Castillo and that Castillo was seeking sole managing conservatorship. When the judge asked Garcia if she had any objections, she responded "Yes. Because the children have always been with me." The judge then told Garcia that if she wanted custody, she would have to hire an attorney. The court then, without having heard any evidence, orally appointed Castillo sole managing conservator and granted Garcia only supervised visitation. The court stated there would be a "final hearing" on November 1 and told Garcia that "if [she was] going to object for [Castillo] to have custody of the children you need to come with an attorney on that date." However, on October 24, for no reason apparent on the record, the November 1 hearing was cancelled and not rescheduled. On November 9, 2005, the court signed a judgment that recites that, at the October 18, 2005 trial, after both parties announced ready, Castillo was named sole managing conservator and Garcia possessory conservator of the children; and Garcia was ordered to have only supervised visitation "at times mutually agreed to in advance by the parties." Garcia timely filed a motion for new trial that was overruled by operation of law. She appeals, arguing the proceedings violated her right to due process and the trial court abused its discretion in deciding the conservatorship, possession, and access issues. Castillo did not file a brief.
We agree with Garcia that the judgment must be reversed. The "trial" in this case took place twenty days after Garcia was served with the original petition and ordered to "appear and respond." And, although Garcia appeared as ordered, she was not afforded an opportunity to present evidence or cross-examine witnesses. By failing to provide Garcia adequate notice of the trial and an opportunity to be heard, the trial court violated her fundamental right to due process. U.S. CONST. amend. XIV, § 1; see TEX.R. CIV. P. 245 (requiring a minimum of forty-five days' notice of a first trial setting); Custom-Crete, Inc. v. K-Bar Servs., 82 S.W.3d 655, 659 (Tex.App.-San Antonio 2002, no pet.) (holding that failure to comply with Rule 245 resulted in a fundamental denial of due process); Jordan v. Jordan, 653 S.W.2d 356, 358 (Tex.App.-San Antonio 1983, no writ) (holding that when trial court rendered judgment after plaintiff's first witness and before either side rested, it denied defendant her due process rights "to introduce evidence at a meaningful time and in a meaningful manner," "to have judicial findings based upon that evidence," and "to have judgment rendered only after trial"). The trial court also abused its discretion by naming Castillo sole managing conservator and by deviating from the standard possession order in contravention of the Texas Family Code, which rebuttably presumes that it is in a *21 child's best interest for the parents to be named joint managing conservators and for possession to be in accordance with the standard possession order. TEX. FAM.CODE ANN. § 153.131(b) (Vernon 2002) (statutory presumption in favor of joint managing conservatorship); id. § 153.252 (statutory presumption in favor of standard possession order). The burden to produce competent evidence to overcome these presumptions rested on Castillo and clearly was not met. See Lide v. Lide, 116 S.W.3d 147, 152 (Tex.App.-El Paso 2003, no pet.); In re Rodriguez, 940 S.W.2d 265, 271 (Tex. App.-San Antonio 1997, writ denied). Because Castillo presented no evidence at all, the trial court had no discretion to decide the conservatorship and possession issues contrary to the statutory presumptions.
The trial court's judgment is reversed and the cause is remanded to the trial court for a new trial.