Victor MILES, Appellant,

v.

Bridget PEACOCK and the Office of the Attorney General of Texas, Appellees.

No. 01–06–00313–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 19, 2007.

Angelina D.A. Gooden, Gooden & Gooden, Houston, for appellant.

John B. Worley, Child Support Division, Rhonda Pressley, Assistant Attorney General Child Support Division Appeals & Research Section, Michael D. Becker, Assistant Attorney General, Austin, for appellees.

Panel consists of Chief Justice RADACK, and Justices JENNINGS, and BLAND.

## OPINION

JANE BLAND, Justice.

Victor Miles brings this restricted appeal from the trial court's entry of a no-answer default judgment in a paternity and child support proceeding brought by appellee, Bridget Peacock. Miles contends (1) the statute of limitations bars Bridget's paternity suit involving a fourteen-year-old child, (2) the trial court erred in ordering him to pay various forms of child support, and (3) the trial court should have awarded him possession of the child. We affirm the judgment in part, reverse it in part, and remand for further proceedings.

## Background

Bridget and Carnell Peacock, a non-party to the appeal, married in 1985. Bridget filed for a divorce in 2004. In her petition, she alleges that Miles—not Carnell—is the father of her child, N.S.P., who was born in 1990.[1] Bridget and Carnell both requested that the trial court order Miles to submit to genetic testing, and Bridget additionally sought child support from Miles. Miles accepted citation of service in February 2005. He did not answer or otherwise appear in the lawsuit, however.

The trial court held a bench trial in August 2005. Miles did not appear for trial. The court took judicial notice of a paternity test showing that Miles is the father of N.S.P. Bridget testified that Miles had been paying child support in the amount of $1,000 per month and asked the court to order him to continue making such payments.

The trial court entered a no-answer default judgment against Miles adjudicating his paternity of N.S.P. and ordering him to pay child support.[2] Specifically, the court ordered Miles to pay $1,000 per month as current child support and $24,000 in retroactive support.[3] The court also ordered Miles to include and maintain N.S.P. on the health insurance policy available through his job, and to purchase a $50,000 life insurance policy naming Bridget as beneficiary for the benefit of N.S.P. With respect to conservatorship and possession, the court appointed Miles and Bridget as joint managing conservators, but ordered that "[i]t is the Best Interest of the child that VICTOR MILES shall not have Possession of the child, until this Order is modified by the Court, as he has not bonded with the child." Miles subsequently filed this restricted appeal.

## Standard of Review

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. TEX.R.APP. P. 30. It constitutes a direct attack on a default judgment. *Id.; Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture,*

---

1. Carnell similarly denies that he is the father of N.S.P.

2. The default judgment states as follows: "The Court finds that Respondent, VICTOR MILES, was served and has not filed an answer and ... a default judgment is entered against him.... The Court finds that the Father of [N.S.P.] is VICTOR MILES as stated in a valid Paternity Test as presented to the Court and in the Court's file." The paternity test is not in the record.

3. The court assigned the retroactive support award to appellee, the Office of the Attorney General of Texas, pursuant to Family Code Chapter 233. *See* TEX. FAM.CODE ANN. §§ 233.001–233.029 (Vernon 2002 & Supp. 2006).

811 S.W.2d 942, 943 (Tex.1991). A party filing a restricted appeal must demonstrate that (1) he appealed within six months after the judgment was rendered, (2) he was a party to the suit, (3) he did not participate in the actual trial of the case, and (4) error appears on the face of the record. *See* Tex.R.App. P. 30; *Quaestor Inv., Inc. v. Chiapas*, 997 S.W.2d 226, 227 (Tex.1999). The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991); *Davenport v. Scheble*, 201 S.W.3d 188, 193 (Tex.App.-Dallas 2006, pet. filed). Because a restricted appeal affords an appellant the same scope of review as an ordinary appeal, he may challenge the legal and factual sufficiency of the evidence. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.-Houston [14th Dist.] 2007, no pet.).

Unlike other civil cases in which a defaulting defendant is presumed to admit the petition's allegations regarding liability and liquidated damages, the allegations in a divorce petition are not admitted by a defaulting defendant. Tex. Fam.Code Ann. § 6.701 (Vernon 2006); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex.App.-Houston [1st Dist.] 2004, pet. denied); *see Sandone v. Miller–Sandone*, 116 S.W.3d 204, 207 (Tex.App.-El Paso 2003, no pet.) (noting that divorce petition may not be taken as confessed if respondent does not file answer).

### Paternity

■ In his first issue, Miles contends the trial court erred in adjudicating his paternity of N.S.P. He does not challenge the legal and factual sufficiency of the evidence establishing his paternity; rather, he asserts that the four-year statute of limitations set forth in Family Code section 160.607 bars Bridget's paternity suit. *See* Tex. Fam.Code Ann. § 160.607(a) (Vernon Supp.2006).

Section 160.607 applies in cases where there is a presumed father. *Id.* A man is presumed to be the father of a child if he is married to the child's mother and the child is born during the marriage. *Id.* § 160.204(a)(1) (Vernon Supp.2006). Here, Carnell is N.S.P.'s presumed father because he was married to Bridget at the time N.S.P. was born. A presumption of paternity may be rebutted by adjudication, however. *Id.* § 160.204(b)(1). Under section 160.607, such a proceeding must be commenced "not later than the fourth anniversary of the date of the birth of the child." *Id.* § 160.607(a).

■ Miles asserts that the four-year statute of limitations set forth in section 160.607 bars Bridget's paternity suit because she did not bring it until N.S.P. was nearly fourteen years old. "Limitations[, however,] is an affirmative defense that is waived if not pleaded." *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 544 (Tex.App.-Dallas 2005, no pet.); *see* Tex.R. Civ. P. 94 (listing statute of limitations as affirmative defense that party "shall set forth affirmatively"); *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App.-Houston [14th Dist.] 2003, no pet.) ("A party waives the affirmative defense of statute of limitations if it is not pleaded or tried by consent."); *Brown v. Shores*, 77 S.W.3d 884, 885 n. 2 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (same).

Here, Miles failed to answer the lawsuit and thus did not plead a limitations defense. Nor did he ever appear in the lawsuit or in any way assert a limitations defense at any point in the proceedings. Accordingly, we conclude that Miles has waived any limitations defense, and the trial court thus did not err in entering a

default judgment adjudicating his paternity. *See In re Marriage of Collins,* 870 S.W.2d 682, 683, 685 (Tex.App.-Amarillo 1994, writ denied) (holding that trial court did not err in entering default judgment finding that informal marriage existed and adjudicating paternity because appellant waived limitations defense by failing to affirmatively plead it); *see also G.R.A.V.I.T.Y.,* 177 S.W.3d at 544 (holding that limitations defense was waived because, once party's amended pleading was struck, "it had no pleading asserting the affirmative defense of limitations"); *Phifer v. Nacogdoches County Cent. Appraisal Dist.,* 45 S.W.3d 159, 173 (Tex.App.-Tyler 2000, pet. denied) (rejecting appellant's argument that trial court erred in allowing appellee to recover on claim that was barred by statute of limitations, since appellant had failed to plead limitations defense).

■ Miles also asserts that, "since any results of genetic tests performed without the presumed father's consent or a court order are not admissible to disprove the paternity of a presumed father, the trial court erred in establishing paternity between [Miles] and the child." To support this argument, Miles relies on Family Code section 160.621(c), which provides as follows: "If a child has a presumed, acknowledged, or adjudicated father, the results of genetic testing are inadmissible to adjudicate parentage unless performed: (1) with the consent of both the mother and the presumed, acknowledged, or adjudicated father; *or* (2) under an order of the court under Section 160.502." Tex. Fam.Code Ann. § 160.621(c) (Vernon 2002) (emphasis added). Miles observes that there is no evidence the trial court ordered genetic testing, and notes that N.S.P.'s presumed father, Carnell, did not offer testimony about consenting to a paternity test. Miles, however, overlooks the fact that Carnell (like Bridget) requested paternity testing in his counterpetition for divorce. As such, we reject Miles's contention that Carnell did not consent to paternity testing, and we hold that the paternity test results were admissible under subsection 160.621(c)(1). *Cf. In re Attorney Gen. of Tex.,* 195 S.W.3d 264, 266 n. 2 (Tex.App.-San Antonio 2006, orig. proceeding) (observing that genetic test results were inadmissible under section 160.621(c) because mother did not consent to genetic testing, and trial court did not order genetic testing). We therefore affirm that portion of the trial court's judgment finding that Miles is the father of N.S.P.

## Child Support

■ Miles contends the evidence is legally insufficient to support the trial court's judgment that he pay child support to Bridget in the following forms: (1) $1,000 per month in current child support, (2) $24,000 in retroactive support, (3) purchase and maintain a $50,000 life insurance policy with Bridget as the beneficiary for N.S.P.'s benefit, and (4) include and maintain N.S.P. on the health insurance policy available through his job. He asks that we remand for further proceedings and a trial.

*Standard of Review*

We review a trial court's judgment granting child support under an abuse of discretion standard. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Newberry v. Bohn–Newberry,* 146 S.W.3d 233, 235 (Tex.App.-Houston [14th Dist.] 2004, no pet.). A trial court abuses its discretion when it acts arbitrarily or without reference to guiding principles. *Worford,* 801 S.W.2d at 109. Under this standard, legal and factual sufficiency of the evidence are not independent grounds of error, but rather are relevant factors in assessing

whether the trial court abused its discretion. *Newberry*, 146 S.W.3d at 235. A trial court does not abuse its discretion when there is some evidence of a substantive and probative character to support the trial court's judgment. *Id.*

*Current Child Support*

Family Code Chapter 154 governs child support proceedings and sets forth guidelines to apply in determining an equitable amount of child support. *See* Tex. Fam. Code Ann. §§ 154.001–154.309 (Vernon 2002 & Supp.2006). Under section 154.062, a court "shall calculate net resources for the purpose of determining child support liability." *Id.* § 154.062(a) (Vernon 2002). "Resources" include wage and salary income, interest and dividends, self-employment income, net rental income, and all other income actually being received. *Id.* § 154.062(b)(1)-(5). "There must be some evidence of a substantive and probative character of net resources" in order for the trial court to discharge its duty under section 154.062. *Newberry*, 146 S.W.3d at 236. "In the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40–hour week." Tex. Fam.Code Ann. § 154.068 (Vernon 2002).

*Retroactive Child Support*

A court "may order a parent to pay retroactive child support if the parent: (1) has not previously been ordered to pay support for the child; and (2) was not a party to a suit in which support was ordered." *Id.* § 154.009(a) (Vernon 2002). In ordering retroactive support, "the court shall apply the child support guidelines provided by this chapter" and "shall consider the net resources of the obligor during the relevant time period." *Id.* §§ 154.009(b), 154.131(b) (Vernon 2002). In addition, the court shall consider wheth-

er (1) the child's mother made any previous attempts to notify the obligor of his paternity, (2) the obligor had knowledge of his paternity, (3) the retroactive support order will impose an undue financial hardship on the obligor or his family, and (4) the obligor provided actual support before the lawsuit was filed. *Id.* § 154.131(b).

*Life and Health Insurance*

■ A trial court has the authority to order a parent to maintain a life insurance policy for the child's benefit for so long as the child support obligation exists. *Niskar v. Niskar*, 136 S.W.3d 749, 759 (Tex.App.-Dallas 2004, no pet.); *Grayson v. Grayson*, 103 S.W.3d 559, 563 (Tex.App.-San Antonio 2003, no pet.). In addition, section 154.181 provides that the trial court "shall render an order for the medical support of the child." Tex. Fam.Code Ann. § 154.181(a) (Vernon Supp.2006). The court "shall consider the cost and quality of health insurance coverage available to the parties and shall give priority to health insurance coverage available through the employment of one of the parties." *Id.* § 154.182(a) (Vernon Supp.2006). If insurance is available through the obligor's employment, the trial court shall order the obligor to obtain such insurance. *Id.* § 154.182(b)(1). If insurance is not available through the obligor's employment and is available through the obligee's employment, the trial court may order the obligee to provide insurance and order the obligor to pay additional child support to pay the obligee for the actual cost of the health insurance of the child. *Id.* § 154.182(b)(2).

*Sufficiency of the Evidence*

The trial court made the following findings and conclusions regarding Miles's child support obligations:

2. the amount of net resources available to VICTOR MILES per month is $6,000;

3. the amount of net resources available to BRIDGET PEACOCK per month is $443;

4. the amount of child support payments per month that is computed if the percentage guidelines of section 154.125 of the Texas Family Code are applied to the first $6,000 of VICTOR MILES's net resources is $1,100.00; and

5. the percentage applied to the first $6,000 of VICTOR MILES's net resources for child support by the actual order rendered by the Court is 20 percent.

The court also found that retroactive support was warranted based on Miles's "failure to support the child within financial ability," and ordered him to pay $24,000 for the period between August 1, 2003 and August 1, 2005. In addition, the court ordered Miles "to include and maintain [N.S.P.] on [the] health insurance available through his job" and, "[a]s additional child support," to "purchase and, as long as child support is payable under the terms of this order, maintain in full force and effect at VICTOR MILES's sole cost and expense a life insurance policy insuring the life of VICTOR MILES, naming BRIDGET PEACOCK primary beneficiary as trustee for the benefit of [N.S.P.] that on VICTOR MILES's death will pay to BRIDGET PEACOCK an amount not less than $50,000."

Miles contends the trial court abused its discretion in entering these child support orders, and asks that we remand the case for further proceedings, because there is no evidence in the record concerning his wages, salary, income, net resources, or whether he even has a job. The Attorney General agrees that a remand is warranted because, although Bridget testified that

Miles had been paying her $1,000 per month in child support, "the court had no information about [Miles's] net resources with which to apply the child support guidelines, and no information about how long he had been paying support or how much he had paid."

We agree that the case should be remanded. The Family Code requires a trial court to "calculate net resources" in determining a party's current and retroactive child support obligations. TEX. FAM. CODE ANN. §§ 154.062(a), 154.131(b). In addition, with respect to insurance coverage, the court must "consider the cost and quality of health insurance coverage available to the parties and shall give priority to health insurance coverage available through the employment of one of the parties." *Id.* § 154.182(a). Here, the record is void of evidence concerning Miles's employment, wages, salary, or income.[4] As such, we conclude that there is insufficient evidence to support the trial court's calculation of Miles's net resources and its corresponding award of current and retroactive child support payments and insurance coverage. *See Newberry*, 146 S.W.3d at 236 (noting that "[t]here must be some evidence of a substantive and probative character of net resources" in order for trial court to discharge its duty under Family Code). We therefore reverse that portion of the judgment setting forth Miles's child support obligations and remand to the trial court for further proceedings.

### Possession

■ Miles contends the trial court abused its discretion in awarding him no possession of N.S.P. because the court did

---

**4.** Nor is there evidence in the record concerning Bridget's employment, wages, salary, or income.

not hear evidence concerning N.S.P.'s best interest. He asks that we remand for further proceedings and a trial.

"The best interest of the child shall always be the primary consideration of the court in determining the issue[] of ... possession...." Tex. Fam.Code Ann. § 153.002 (Vernon 2002). There is a rebuttable presumption that the standard possession order (1) provides reasonable minimum possession for a parent named as a joint managing conservator and (2) is in the child's best interest. *Id.* § 153.252 (Vernon 2002). If special circumstances make the standard possession order unworkable or inappropriate, however, "[t]he court shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order." *Id.* § 153.253 (Vernon 2002). In deviating from the standard possession order, the trial court may consider (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservators; and (3) any other relevant factor. *Id.* § 153.256 (Vernon 2002). "The terms of an order that denies possession ... may not exceed those that are required to protect the best interest of the child." *Id.* § 153.193 (Vernon 2002). We review a trial court's best-interest determination for an abuse of discretion. *See Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982).

Here, the trial court appointed Miles as a joint managing conservator of N.S.P., but denied him possession, finding that "[i]t is the Best Interest of the child that VICTOR MILES shall not have Possession of the child, until this Order is modified by the Court, as he has not bonded with the child." Contrary to the trial court's finding, however, it did not hear evidence concerning N.S.P.'s best interest. Nor did it hear evidence concerning N.S.P.'s developmental status, circumstances, needs, and relationship (or lack thereof) with Miles. Because Bridget presented no evidence concerning N.S.P.'s best interest, the trial court had no discretion to decide the possession issue contrary to the statutory presumption. *See In re S.C.,* 220 S.W.3d 19, 21 (Tex.App.-San Antonio 2006, no pet.) (holding that trial court had no discretion to decide possession issue contrary to statutory presumption because parent seeking deviation from standard possession order "presented no evidence at all"); *Hale v. Hale,* No. 04-05-00314-CV, 2006 WL 166518, at *2 (Tex. App.-San Antonio Jan. 25, 2006, pet. denied) (mem. op.) ("[A] complete denial of access should be rare ... [and] must be limited to those situations where the parent's access is not in the best interest of the child."). Accordingly, we reverse that portion of the judgment denying Miles possession and remand to the trial court for further proceedings. *In re S.C.,* 220 S.W.3d at 21.

### Conclusion

We conclude that Miles has waived any statute of limitations defense and therefore affirm that portion of the trial court's judgment adjudicating his paternity of N.S.P. With respect to the portions of the judgment awarding child support and denying possession, we conclude that insufficient evidence supports the trial court's findings and therefore reverse and remand for further proceedings.