**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00783-CV

————————————

**ALEJANDRO MARQUEZ, Appellant**

**V.**

**LORENZA MONCADA AND THE OFFICE OF THE ATTORNEY GENERAL, Appellees**

---

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2010-19352

---

## OPINION

Alejandro Marquez appeals from a child support order mandating that he pay current and retroactive child support to Lorenza Moncada, on behalf of their two minor children. *See* TEX. FAM. CODE ANN. §§ 233.001–.029 (West 2008 &

Supp. 2011). Marquez contends that (1) insufficient evidence supports the trial court's determination of child support payments, (2) the trial court erred in denying his motion to modify, and (3) the trial court erred in failing to make requested findings of fact. We conclude that legally insufficient evidence supports the trial court's calculation of Marquez's net resources and its corresponding award of current and retroactive child support payments. Accordingly, we reverse that portion of the order setting forth Marquez's child support obligations and remand to the trial court for further proceedings.

## Background

Two children, T.M. and A.M., were born to Marquez and Moncada. In 2007, Marquez and Moncada ceased living together and ended their relationship.

In March 2010, the Office of the Attorney General of Texas petitioned on behalf of T.M. and A.M. to confirm a child support review order (CSRO) establishing Marquez's paternity and child support obligations under Chapter 233 of the Texas Family Code. *See id.* The CSRO includes findings regarding paternity, conservatorship, possession and access, health insurance, and child support. One finding states that Marquez's net resources per month are $3,366.99.

Upon filing this suit, the OAG attached an investigative report to its petition in the trial court that alleged that Marquez's average monthly gross income is $4,386.00, with corresponding monthly net resources of $3,366.99—an amount

2

that matches the CSRO finding. The OAG's report was not authenticated or admitted into evidence; the report gave no basis for the computation of Marquez's net resources. Marquez generally denied the OAG's petition.

At a hearing to confirm the CSRO, Moncada introduced paternity tests proving that Marquez is the father of T.M. and A.M. Moncada testified that Marquez had not paid support on behalf of either child. When questioned about Marquez's income, Moncada testified that she did not know what Marquez earned, nor where he was employed. She did not know if he carried health insurance, had never seen his pay stubs, and conceded that she had no knowledge of his present lifestyle. Neither the State nor Moncada introduced documents at the hearing establishing Marquez's salary, income, or wages. Nor did Marquez produce any documents or testimony concerning his income.

The trial court confirmed the non-agreed CSRO. In its order, the trial court found that Marquez had net resources of $3,366.99 per month and ordered that twenty-five percent of those resources be paid for child support. The court awarded $842.00 in current child support each month and retroactive child support of $41,258.00.

## Discussion

Marquez contends that the record contains no evidence of his monthly net resources, and thus the child support order must be reversed.

3

*Standard of Review*

We review a trial court's judgment granting child support under an abuse of discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Miles v. Peacock*, 229 S.W.3d 384, 388 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Worford*, 801 S.W.2d at 109; *McGuire v. McGuire*, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). "In the child-support context, sufficiency challenges are not independent points of error, but are incorporated into an abuse of discretion determination." *McGuire*, 4 S.W.3d at 387 n.2; *see Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We employ a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Moreno v. Perez*, 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

*Analysis*

Texas Family Code Chapter 154 governs child support proceedings and sets forth guidelines to apply in determining an equitable amount of child support. *See*

4

TEX. FAM. CODE ANN. §§ 154.001–.309 (West 2008 & Supp. 2011). Chapter 154 instructs that the trial court "shall calculate net resources for the purpose of determining child support liability as provided by this section." TEX. FAM. CODE ANN. § 154.062(a) (West Supp. 2011). "Net resources" includes all wage and salary income, self-employment income, and all other income actually received. *Id.* § 154.062(b). "There must be some evidence of a substantive and probative character of net resources in order for the court to discharge its duty under section 154.062." *Miles*, 229 S.W.3d at 389 (quoting *Newberry*, 146 S.W.3d at 236) (internal quotations omitted). In the absence of evidence of the wage and salary income of a party, a court shall presume that the party has wages or salary equal to the federal minimum wage for a 40–hour week. TEX. FAM. CODE ANN. § 154.068 (West 2008).

Marquez contends that the trial court lacked sufficient evidence to calculate his net resources, because no evidence established his income or capability for earning income. He maintains that, in the absence of such evidence, the trial court was required to "presume that [he] has wages or salary equal to the federal minimum wage for a 40-hour week." *Id.*

We agree that the record reveals no evidence concerning Marquez's employment, wages, salary, or income. No documents in evidence demonstrate Marquez's monthly salary. Moncada testified that she did not know what Marquez

5

earned or where he was employed. She had never seen Marquez's pay stubs and had no knowledge of his present lifestyle. Marquez did not appear for the trial, and thus did not testify as to his resources. Because the record contains no evidence of Marquez's salary or income, we conclude that there is insufficient evidence to support the trial court's finding that Marquez's had net resources of $3,366.99 per month, and we therefore reverse its corresponding award of current and retroactive child support payments. *See Miles*, 229 S.W.3d at 390.

The OAG responds that its counsel's unsworn assertions at Marquez's motion for new trial hearing constitute sufficient evidence of Marquez's wages or income. The OAG relies on the following statements made by the assistant attorney general and maintains that this Court should treat them as testimony under *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997): "There is a finding . . . on page 13 of [the Child Support Review Order]. It did say what his net income was. It's based upon [the] Texas Workforce Commission."

In *Banda*, the sole issue was whether the parties had orally agreed to extend a settlement deadline. *Id.* When the plaintiff's attorney did not appear at a hearing on the defendant's motion to enforce the settlement (but sent his associate in his place), defense counsel's unsworn statements at the hearing were "the only available evidence of the oral agreement to extend the deadline." *Id.* Because

6

opposing counsel failed to object to the unsworn statements of fact, the Supreme Court concluded that they were some evidence of the settlement agreement. *Id.*

We conclude that *Banda* is inapplicable to the facts of this case. The purported testimony here was elicited during Marquez's motion for new trial hearing, not at the hearing on the OAG's petition to confirm the CSRO. Thus, unlike *Banda*, the purported testimony was not part of the relevant evidentiary hearing. *See id.* It came before the court in connection with a later hearing and was not considered by the court in arriving at its judgment confirming the CSRO. This case is also unlike *Banda* because counsel's purported testimony does not consist of factual assertions about a matter for which it is evident that he has personal knowledge. *See id.* The assistant attorney general never purported to testify to Marquez's employment, salary, or income such that opposing counsel would have been on notice of the need to object. *Compare Banda*, 955 S.W.2d at 272 (counsel's assertions at hearing to enforce settlement agreement constituted some evidence of agreement where opposing counsel failed to object to assertions and proffered testimony concerned nature and terms of settlement), *with Gattis v. Duty*, 349 S.W.3d 193, 199 n.3 (Tex. App.—Austin 2011, no pet.) (noting that counsel presented argument, not testimony, because assertions were not factual in nature and were not probative of any fact material to jurisdictional inquiry). Rather, counsel attempted to direct the trial court to evidence—already within the

record—that provided a basis for trial court's calculation of Marquez's net resources.

In rectifying the error, Marquez requests that we render judgment that he pay the statutory minimum in child support. He argues that, in the absence of evidence of his net income, trial court could have presumed that Marquez's monthly gross wages were equal to the federal minimum wage for a 40-hour week ($1,256.67) and awarded child support under the statutory guidelines in accord with that calculation of his resources. *See* TEX. FAM. CODE ANN. § 154.068. We decline to render judgment. It is undisputed that Marquez owes some undetermined amount in child support, and calculation of Marquez's net resources is only one step in assessing child support. Under the Family Code, the court must also ascertain the number of children before it, determine the percentage of net resources that a non-custodial parent would pay under the guidelines and consider whether any additional factors would justify varying from the guidelines. *See id.* § 154.121 ("the child support guidelines . . . are intended to guide the court in determining an equitable amount of child support"); *see also id.* 154.122 (permitting court to determine that application of guidelines would be unjust or inappropriate); *id.* § 154.123 (listing factors for court to consider in deciding whether to impose support obligation differing from amount calculated under Family Code guidelines). We therefore remand the case to the trial court for further proceedings

8

on the determination of Marquez's net resources and current and retroactive child support obligations. *See Office of Atty. Gen. of Tex. v. Burton*, No. 11-0316, 2012 WL 2053321, at *1 (Tex. June 8, 2012) (per curiam) (concluding that no evidence supported trial court judgment in suit to confirm child support arrearage and remanding case to trial court for further proceedings); *see also Moreno*, 363 S.W.3d at 736 (concluding that trial court should have applied the minimum wage presumption and remanding for further proceedings that portion of trial court order setting forth mother's net resources finding and imposing support obligation); *Miles*, 229 S.W.3d at 390–91 (reversing trial court's calculation of appellant's net resources and remanding for further proceedings);

## Conclusion

We hold that the record contains legally insufficient evidence to support the trial court's award of current and retroactive child support. Accordingly, we reverse that portion of the order setting forth Marquez's child support obligations, and we remand for further proceedings to determine Marquez's net resources. In all other respects, we affirm the order of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Justice Sharp, concurring in part and dissenting in part.