

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00472-CV

———————————————

B.K., Appellant

V.

T.K., Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 19-6678-442

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Wife B.K. filed this restricted appeal from the trial court's no-answer default judgment against her in the underlying divorce proceeding. Although the record shows that Wife was properly served and received presumptive notice of the judgment's entry, we nevertheless reverse and remand because Husband T.K. did not present sufficient evidence to support the trial court's property division or the orders concerning the parties' child.

## Restricted Appeal Requirements

To prevail in this restricted appeal, Wife must show that (1) she timely filed a notice of restricted appeal, (2) she was a party to the underlying suit, (3) she did not participate in the hearing that resulted in the complained-of judgment and did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re S.W.*, 614 S.W.3d 311, 313–14 (Tex. App.—Fort Worth 2020, no pet.) (mem. op.). The first three elements are necessary to invoke our restricted-appeal jurisdiction, but the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 496 (Tex. 2020).

## Preservation

Husband does not challenge that Wife met the three jurisdictional requirements to maintain a restricted appeal. Instead, he contends that because the record shows

that the trial court properly notified Wife of the judgment, and therefore that Wife is presumed to have received timely notice of the judgment, Wife failed to preserve the right to complain about the default judgment via restricted appeal by failing to file a timely motion for new trial. *See* Tex. R. Civ. P. 324(b)(1).

Husband conflates the prerequisites for filing a restricted appeal with the prerequisites for filing regular appeals. The two are not the same. *See, e.g.*, *Fid. & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam). For regular appeals, civil-procedure Rule 324(b)(1) provides that the filing of a motion for new trial "is a prerequisite to" a complaint on appeal "on which evidence must be heard[,] such as one of . . . failure to set aside a judgment by default." *Id.* Husband appears to argue that Rule 324 provides that evidence must be heard in any appeal from a default judgment, including a restricted appeal. But appellate-procedure Rule 30 requires the absence of a timely-filed "postjudgment motion" by the nonappearing party to invoke this court's jurisdiction over a restricted appeal. Tex. R. App. P. 30. A motion for new trial is a postjudgment motion. *Camacho v. Vasquez*, No. 08-13-00019-CV, 2013 WL 5593116, at *1 (Tex. App.—El Paso Oct. 9, 2013, no pet.) (mem. op.). Thus, Husband's argument "is contrary to the plain language of Rule 30." *Haddix v. Am. Home Assurance*, No. 12-05-00205-CV, 2005 WL 1643288, at *1 (Tex. App.—Tyler July 13, 2005, pet. denied) (per curiam) (mem. op); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 559 n.4 (Tex. App.—Austin 2004, no pet.).

3

Wife's sufficiency arguments can be determined from the face of the record, *Petco*, 144 S.W.3d at 559 n.4; thus, her arguments are not the type on which "evidence must be heard," Tex. R. Civ. P. 324(b)(1). To hold that Rule 324 requires a defaulting party to file a timely motion for new trial as a prerequisite to a restricted appeal "would preclude all restricted appeals." *Petco*, 144 S.W.3d at 559 n.4. We therefore decline to hold that Wife failed to preserve her right to bring a restricted appeal of the no-answer default judgment.

## Error on the Face of the Record

In a single issue, Wife contends that the face of the record shows that the trial court reversibly erred, first by signing a purported agreed judgment when no evidence shows that the parties agreed to the judgment's terms[1] and, second, by rendering a property division and making conservatorship, possession, and child-support rulings based on legally insufficient or factually insufficient evidence. We address her second argument first.

### Standard of Review

We review a trial court's property-division, conservatorship, possession, and child-support rulings for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam) (child support); *Beg v. Shakeel*, No. 01-19-00765-CV,

---

[1]Husband acknowledges that "other than the name of the document, nothing else shows that it is an agreed final decree" and that he "does not take the position on appeal that this was an agreed judgment." He characterizes the judgment's title as a "misnomer."

4

2020 WL 7502491, at *9 (Tex. App.—Houston [1st Dist.] Dec. 22, 2020, no pet.) (mem. op.) (exclusive right to designate primary residence); *Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *6 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.) (property division); *K.T. v. M.T.*, No. 02-14-00044-CV, 2015 WL 4910097, at *3 (Tex. App.—Fort Worth Aug. 13, 2015, no pet.) (mem. op.) (possession). A trial court abuses its discretion if it acts arbitrarily or unreasonably or does not analyze or apply the law properly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Whether the evidence supporting such rulings is legally and factually sufficient is relevant in deciding whether the trial court abused its discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g). To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *Heap-Welch v. Welch*, No. 05-19-01260-CV, 2020 WL 6304992, at *2 (Tex. App.—Dallas Oct. 28, 2020, no pet.) (mem. op.).

In a restricted appeal, we may only consider evidence that was included in the appellate record and that was before the trial court at the time of the dismissal. *Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991); *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *2 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.).

**Property Division**

In a divorce suit, "the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code Ann. § 6.701. Thus, if the respondent in a divorce case fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *Heap-Welch*, 2020 WL 6304992, at *2; *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.) ("Technically, there can be no default judgment in a divorce action."). Accordingly, a default divorce judgment is subject to evidentiary attack on appeal. *Heap-Welch*, 2020 WL 6304992, at *2.

Evidence is legally insufficient to support a decree's property division when no evidence of the divided property's value is adduced. *E.g.*, *id.*; *Watson*, 286 S.W.3d at 524–25; *Wilson v. Wilson*, 132 S.W.3d 533, 537–38 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *O'Neal v. O'Neal*, 69 S.W.3d 347, 348–50 (Tex. App.—Eastland 2002, no pet.).

Husband's testimony spans four pages. He testified that the proposed decree disposed of all the parties' assets and liabilities and that he believed it effected a fair and just division of the marital estate. The decree does not ascribe any value to the property divided, either individually or as a whole, and no other document filed in the record indicates the value of any part of the marital estate. Accordingly, we hold that there is no evidence in the record to support the trial court's property division and that without sufficient evidence to make such a decision, the trial court abused its

6

discretion in its property-division ruling. *See Heap-Welch*, 2020 WL 6304992, at *2; *Watson*, 286 S.W.3d at 524–25; *Wilson*, 132 S.W.3d at 537–38; *O'Neal*, 69 S.W.3d at 348–50.

**Parenting Provisions**

The record consists of two pages of Husband's testimony regarding the decree's child-related provisions: he gave the child's name and age; stated that she was living with him at the time; asked for $100 per month in child support—which according to his attorney was "significantly less than the statutory guideline amount of [Wife's] income, which would be roughly $600 per month," and which he agreed was in the child's best interest; requested to be named the "primary joint managing conservator"; and stated that standard visitation was in the child's best interest. The decree recites that Wife's monthly net resources were $3,800[2] and that Husband's were $4,500. It also acknowledges—without supporting findings—that the monthly child support amount deviates from the percentage guidelines. *See* Tex. Fam. Code Ann. § 154.122 (setting forth a rebuttable presumption that ordering child support according to the guidelines is in a child's best interest), § 154.123 (allowing trial court to deviate from guidelines and mandating that trial court consider evidence of "all relevant factors, including" seventeen listed items, such as the parents' ability to contribute to the child's support, "any financial resources available for the support of

---

[2]The decree states elsewhere that Wife was unemployed.

7

the child," whether a party has managing conservatorship or physical custody of another child, and the cost of travel for a party to exercise possession and access), § 154.124 (allowing parties to vary from guidelines by written agreement if the court determines that the agreement is in the child's best interest).

As with the property division, the parts of the decree related to conservatorship and possession of the child, and to the parties' relationship with the child and each other, are supported only by Husband's wholly conclusory testimony. The trial court heard no evidence from which it could determine the child's best interest. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (setting forth nonexclusive factors trial court may consider in determining child's best interest); *In re T.M.*, No. 02-19-00329-CV, 2020 WL 523272, at *5 (Tex. App.—Fort Worth Feb. 3, 2020, no pet.) (mem. op.) (applying *Holley* factors to conservatorship determination). Thus, the trial court could not have properly exercised its discretion in making the child-related rulings in the decree.[3] *See Smith v. Hickman*, No. 04-19-00182-CV, 2020 WL 1442663, at *2 (Tex. App.–San Antonio Mar. 25, 2020, no pet.) (mem. op.); *Garcia v. Benavides*, No. 04-19-00451-CV, 2020 WL 214758, at *2 (Tex. App.—San Antonio Jan. 15, 2020, no

---

[3]Although the decree recites that its provisions "relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parties' agreed parenting plan," Husband did not testify that Wife agreed to the parenting plan; even if he had, Husband did not provide sufficient evidence for the trial court to make a best-interest determination. *See* Tex. Fam. Code Ann. § 153.007(b) (allowing court to render an order in accordance with an agreed parenting plan "[i]f the court finds that the agreed parenting plan is in the child's best interest").

pet.) (mem. op.); *Vasquez v. Vasquez*, 292 S.W.3d 80, 84–85 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Miles v. Peacock*, 229 S.W.3d 384, 391 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We hold that these parts of the decree comprising the "agreed parenting plan" show error on the face of the record.

Additionally, although our determination that the trial court erred in its property division requires us to remand the trial court's child-support award as well as its property division, *see, e.g.*, *Wilson*, 132 S.W.3d at 539, we also note that evidentiary error exists on the face of the record as to the child support. The decree recites that Wife's net monthly resources were $3,800, but Husband provided no evidence to support that amount—nothing concerning her employment, wages, salary, or other income.[4] *See Gonzalez v. Gonzalez*, 331 S.W.3d 864, 867–68 (Tex. App.—Dallas 2011, no pet.); *Miles*, 229 S.W.3d at 390; *Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (substituted op.) ("There must be some evidence of a substantive and probative character of net resources in order for this duty [to calculate net resources for child-support calculation] to be discharged."). He likewise adduced no evidence that would support the findings necessary for the trial court to deviate from the child-support guidelines. *See* Tex. Fam. Code

---

[4]*See id.* § 154.068(a) (providing presumption, if no evidence is adduced regarding party's net resources, that party earns then-current federal minimum wage at forty hours per week). The Attorney General's 2019 tax chart indicates that the monthly average income at federal minimum wage would be $1,256.67. Office of the Attorney Gen., https://csapps.oag.texas.gov/system/files/2018-12/2019taxcharts.pdf (last visited May 24, 2021).

Ann. § 154.123; *Steele v. Steele*, No. 03-07-00011-CV, 2009 WL 2567911, at *4 (Tex. App.—Austin Aug. 19, 2009, no pet.) (mem. op.). Accordingly, the trial court abused its discretion in awarding child support.

Having determined that Wife has shown error in the trial court's judgment on the face of the record,[5] we sustain her issue.

## Conclusion

At Wife's request, we affirm the part of the trial court's judgment that grants the divorce, but having sustained Wife's issue, we reverse the remainder of the judgment and remand the case for a new trial.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: May 27, 2021

---

[5]Because of our disposition, we need not address Wife's argument that additional error exists on the face of the record because nothing shows that she actually agreed to the judgment. *See* Tex. R. App. P. 47.1.