**Reversed and Remanded and Memorandum Opinion filed October 29, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00943-CV

## IN THE INTEREST OF N.J.R. AND J.A.R., CHILDREN

**On Appeal from the 82nd District Court
Robertson County, Texas
Trial Court Cause No. 18-04-20524-CV**

## MEMORANDUM OPINION

In this suit affecting the parent-child relationship (SAPCR) appellee Mother filed an original petition seeking the appointment of both parents as joint managing conservators of their two children, N.J.R. and J.A.R. Mother further requested that appellant Father be ordered to pay child support. Father did not file an answer to Mother's petition but he did appear on the day of trial. The trial court signed a final order appointing both parents joint managing conservators, giving Mother the right to designate the primary residence of the children without geographic restrictions, and ordering Father to pay monthly child support. Father appealed asserting the evidence is legally and factually insufficient to support the trial court's judgment.

Concluding that Mother did not meet her burden to present evidence in support of the judgment, we reverse and remand to the trial court.

## BACKGROUND

On April 17, 2018, Mother filed an original SAPCR seeking joint conservatorship of two children she had with Father in 2014 and 2015. Father did not file an answer. On April 30, 2018, the trial court entered temporary orders in the SAPCR in which the court appointed the parents temporary joint managing conservators. The trial court further ordered that the primary residence of the children should be in Bremond, Robertson County, Texas, and that neither parent should remove the children from Bremond. The trial court's temporary orders also required Father to pay $1500 per month in child support to Mother.

More than four years later, on November 8, 2022, the trial court held a hearing on Mother's original petition. Father had still not filed an answer, but he appeared in person at the hearing. Mother asserted that the temporary orders should be made final with two exceptions: (1) lifting the geographic restriction on the children's primary residence, and (2) adding a judgment for past-due child support. Father told the trial court that he did not agree to lifting the geographic restriction, nor did he agree to maintaining the temporary orders as final orders. The trial court admitted into evidence records from the attorney general's office of Father's partial child support payments beginning in 2018.

Father told the trial court he was represented by counsel whom Father thought had sent an email to Mother's counsel explaining Father's objections to maintaining the temporary orders. The trial court had no record of an appearance by Father's purported attorney and instructed the clerk to call the attorney, but the attorney did not answer the court's calls. At that time, Mother's counsel reported that she found the email Father's counsel sent proposing an order that differed

2

from the temporary orders. Mother's counsel did not respond to the proposed order because she did not see the email that was sent three months before the final hearing. The trial court temporarily adjourned the hearing to try and reach Father's attorney but never reconvened.

One month later, the trial court signed a final order awarding primary custody to Mother, removing the geographic restriction, and ordering Father to pay child support. This appeal followed.

ANALYSIS[1]

In three issues Father challenges the legal and factual sufficiency of the evidence to support the trial court's findings of (1) paternity; (2) that the orders of possession, conservatorship, rights and duties, and lack of geographic restriction were in the best interest of the children; and (3) child support.

## I.    Standard of Review and Applicable Law

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code § 153.002. A trial court's determination of what is in the child's best interest, specifically the establishment of terms and conditions of conservatorship, is a discretionary function. *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021). The trial court's judgment will be reversed only when it appears from the record as a whole that the court abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Generally, the test for abuse of discretion is whether

---

[1] The Supreme Court of Texas ordered the Tenth Court of Appeals to transfer this case to this court. *See* Tex. Gov't Code Ann. § 73.001. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between the Tenth Court of Appeals precedent and that of this court on any relevant issue.

the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

If a party asserts that the trial court abused its discretion due to a lack of evidence, we engage in a two-pronged inquiry to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of discretion. *Matter of Marriage of Elabd*, 589 S.W.3d 280, 284 (Tex. App.—Waco 2019, no pet.). Thus, there is ordinarily no abuse of discretion when some evidence of a substantive and probative character exists to support the trial court's decision. *In re Dart*, 648 S.W.3d 652, 654 (Tex. App.—Waco 2022, pet. denied).

When examining legal sufficiency, we review the entire record, considering evidence favorable to the finding if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). We indulge every reasonable inference that would support the challenged finding. *Id*. Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id*.

For a factual-sufficiency review, we examine the entire record and consider evidence favorable and contrary to the challenged finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). We may set aside the trial court's finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*.

We therefore review the record for abuse of discretion to determine whether Mother presented sufficient evidence at the final hearing to support the trial court's order. *Gillespie*, 644 S.W.2d at 451.

## II.    Sufficiency of the evidence

### A.    Paternity, the best interests of the children, and conservatorship

When determining what is in the best interest of the children, the trial court "should ensure that it is as well-informed as the circumstances allow," and a determination is "rarely well-informed without consideration of the evidence and the perspective of the parents." *Nalley v. Quevedo*, No. 01-20-00400-CV, 2022 WL 1547780, at *7 (Tex. App.—Houston [1st Dist.] May 17, 2022, no pet.) (mem. op.) (quoting *Williams v. Williams*, 150 S.W.3d 436, 446 (Tex. App.—Austin 2004, pet. denied)). "[T]he best interest of the child requires that issues be as fully developed as possible, and technical rules of pleading and practice are not of controlling importance." *Id*.

Where the parents of children are or will be separated, the trial court is required to appoint "at least one managing conservator" of the children and may appoint a sole managing conservator or joint managing conservators. Tex. Fam. Code § 153.005(a). In making its appointment, the trial court shall consider whether, preceding the filing of the suit or during the pendency of the suit: (1) a party engaged in a history or pattern of family violence; (2) a party engaged in a history or pattern of child abuse or child neglect; or (3) a final protective order was rendered against a party. *Id*., at § 153.005(c). When the petitioner alleges any of these requirements, she must prove them by a preponderance of the evidence. *Agraz v. Carnley*, 143 S.W.3d 547, 553 (Tex. App.—Dallas 2004, no pet.).

In his first issue, Father alleges there is no evidence he was married to Mother at the time the children were born, and no evidence of paternity was presented to support the trial court's final orders on conservatorship, possession, rights and duties, and child support. Father did not contest paternity with the trial court, nor does he contest it on appeal. He raises the issue of the legal and factual

sufficiency of the evidence of paternity for the first time on appeal. Tex. R. App. P. 33.1(d) (in a civil nonjury case a party may raise a complaint regarding the legal and factual insufficiency of the evidence for the first time on appeal).

Mother asserts the allegations in her petition support the final order and satisfy her evidentiary burden on all issues because Father failed to file a formal answer resulting in a no-answer default judgment. She argues the no-answer default judgment deems the allegations in her petition as true and established. We disagree that the trial court entered a default judgment against Father and that Mother could use the allegations in her petition as evidence.

First, Father appeared in-person at the final hearing. Whether or not Father filed an answer, his appearance in court defeats an entry of default judgment against him because default judgments should be a judicial last resort that occur when "the losing party is wholly absent". *See In re Lakeside Resort JV, LLC* 689 S.W.3d 916, 920 (Tex. 2024) (describing default judgments as "greatly disfavored" and "only tolerable because the absent party could have appeared but chose not to do so"). Second, the final order entered by the trial court makes no mention of a default judgment. *See Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511 (Tex. App.—El Paso 2013, no pet.) (finding the court intended to enter a default judgment when defendant failed to appear at trial and the final judgment recited words indicating default). Here, the trial court took efforts to cross out the portion of the order stating Father defaulted and handwrote "appeared in person." [CR 69] This shows the final orders were not the product of a default judgment hearing but rather a judgment signed following a trial during which Mother was required to prove her allegations by a preponderance of the evidence.[2] *Agraz*, 143 S.W.3d at

---

[2] Even if we concluded that the trial court's judgment was a no-answer default judgment, the result would be the same because the Texas Family Code precludes taking a petition as confessed when the respondent fails to file an answer in suits for divorce. Tex. Fam. Code Ann. § 6.701; *Agraz*, 143 S.W.3d at 522. In a

6

553.

Having examined the entire record, we can find no evidence to support the trial court's findings on paternity, the best interest of the children, and conservatorship. We sustain Father's first two issues.

## B.    Child Support

Family Code Chapter 154 governs child support proceedings and sets forth guidelines to apply in determining an equitable amount of child support. *See* Tex. Fam. Code §§ 154.001–154.309. Under section 154.062, a court "shall calculate net resources for the purpose of determining child support liability." *Id*. § 154.062(a). "Resources" include wage and salary income, interest and dividends, self-employment income, net rental income, and all other income actually being received. *Id*. § 154.062(b)(1)-(5). "There must be some evidence of a substantive and probative character of net resources" for the trial court to discharge its duty under section 154.062. *Newberry v. Bohn–Newberry*, 146 S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "In the absence of evidence of a party's resources, as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied." Tex. Fam. Code § 154.068(a).

The Family Code requires a trial court to "calculate net resources" in determining a party's current and retroactive child support obligations. Tex. Fam. Code §§ 154.062(a), 154.131(b); *Miles v. Peacock*, 229 S.W.3d 384, 390 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The only evidence admitted at the hearing in the trial court was a list of child support payments made by Father since

divorce case where the respondent failed to answer, "the petitioner must present evidence to support the material allegations in the petition." *Id*. at 552. Other intermediate courts of appeals, including this one, have applied section 6.701 to original SAPCRs. *See, e.g., In re J.M.M.*, 549 S.W.3d at 295–97 (visitation and conservatorship); *Davis v. Ross*, 678 S.W.2d 636, 638 (Tex. App.—Houston [1st Dist. 1984, no writ] (visitation).

the temporary orders were entered. Having reviewed the entire record, we find no evidence concerning Father's employment, wages, salary, or income. We therefore sustain Father's third issue.

To rectify the issue, Father requests this court to apply the statutory presumption of income and render judgment that his child support payments be calculated according to the federal minimum wage for a 40-hour work week. Having reversed and remanded the trial court's order on paternity and conservatorship, we decline to render judgment on the amount of child support payments and remand this issue for further proceedings. *Marquez v. Moncada*, 388 S.W.3d 736, 740-41 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Office of Atty. Gen. of Tex. v. Burton*, 369 S.W.3d 173, 174 (Tex. 2012) (per curiam) (declining to render judgment of federal minimum wage calculations and remanding case to trial court for further proceedings when no evidence supported judgment in suit to confirm child support arrearage); *Moreno v. Perez*, 363 S.W.3d 725, 736 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (reversing child support finding with no evidentiary support and remanding for further proceedings on trial court's net resources findings); and *Miles v. Peacock*, 229 S.W.3d 384, 390–91 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (remanding trial court's calculation of appellant's net resources for further proceedings).

## CONCLUSION

We conclude the trial court abused its discretion when it signed a final order without evidentiary support. In this final SAPCR proceeding the court could not rely on Mother's pleadings alone without evidence to support the court's findings. We therefore hold that the evidence is legally insufficient to support the trial court's order. Having sustained Father's issues on appeal, we reverse the trial court's final order and remand to the trial court for proceedings on all issues

including paternity, custody, and support.


/s/    Jerry Zimmerer
Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.